UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW DAVID TAMMINEN,

Plaintiff,

v.

SGT. BORDEWICK, et al.,

Defendants.

No. 2:26-cv-0681 DJC CSK P

ORDER

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On March 2, 2026, plaintiff filed his original complaint. On March 23, 2026, plaintiff sua sponte filed an amended complaint. Because he amended as of right, his motion to amend (ECF No. 11) is denied as unnecessary. Plaintiff's amended complaint is now before the Court. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff names 15 individuals who work at Mule Creek State Prison as defendants in this action. (ECF No. 10 at 2-4.) In his first claim, plaintiff alleges that officers "were forcing" plaintiff to return to a yard where he had legitimate safety concerns. (Id. at 5.) Plaintiff alleges he tried different ways to prevent this (i.e., explained the issue, threatened staff, threatened legal action and self-harm, discussed and carried out suicide plans). (Id.) Plaintiff alleges that even after his clinician cleared plaintiff, he was put in a wheelchair with waist restraints, leg irons, and a spit mask and then wheeled into his next housing location in front of a day room in full progress. Plaintiff alleges his next cell contained no sheets, a basic necessity, and that Sgt. Bordewick had phoned ahead to have the sheets removed and to have a fresh can of pepper spray ready in case plaintiff again attempted suicide. In his second claim, plaintiff claims he informed defendant Hernandez of plaintiff's safety concerns, showing him a loose razor blade and plaintiff's wrist, but Hernandez continued walking, after which plaintiff began cutting his wrists.

(Id. at 6.) In his third claim, plaintiff claims defendant Bordewick heard of plaintiff's safety concerns and planned to attempt suicide and called ahead to have a fresh can of pepper spray ready. (Id. at 7.) That pepper spray was used on plaintiff while he was asphyxiating himself. (Id.) In his fourth claim, plaintiff claims his sheets were removed by floor officers at defendant Bordewick's direction. (Id. at 8.) When plaintiff saw no sheets were in the cell, he refused to enter, after which a code was called, and he was taken to the ground. (Id.) In his fifth claim, plaintiff alleges that defendants Sgt. Fugera and Hanson conspired with plaintiff to commit a fake "staff assault" (because they were getting tired of dealing with plaintiff). (Id. at 9.) Plaintiff claims all of these allegations violated his Eighth Amendment rights, and he seeks money damages. (Id. at 10.)

## IV. DISCUSSION

This Court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although plaintiff named 15 defendants, he fails to include charging allegations as to each defendant. While plaintiff may be able to state an Eighth Amendment claim based on the use of excessive force against a particular defendant, plaintiff fails to address the elements required to state a cognizable civil rights claim as to each named defendant.[1]

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate. . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 7 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses

[1] In addition, plaintiff is cautioned that he may not raise every incident in one case. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327). A prison official may be held liable for the failure to intervene in another officer's use of excessive force only if they had a reasonable opportunity to intercede.

The Court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The Court will, however, grant leave to file a second amended complaint.

## V. LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or

prior pleading is superseded and treated as non-existent. See Ramirez, 806 F.3d at 1008.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel. (ECF No. 9.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion (ECF No. 9) is denied without prejudice.

## VII. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to amend (ECF No. 11) is denied.

4. Plaintiff's amended complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's motion to appoint counsel (ECF No. 9) is denied without prejudice.

Dated: November 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tamm0681.14amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DAVID TAMMINEN,<br>Plaintiff,<br>v.<br>SGT. BORDEWICK, et al.,<br>Defendants. | No. 2:26-cv-0681 DJC CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _______________ (date).

☐ Second Amended Complaint

(Check this box if submitting a Second Amended Complaint)

DATED:

___________________________________

Plaintiff